1: CV 00-0536

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSLYVANIA

NEVILLE M. RUSSELL # 53311
A # 75 805 774
- - - PETITIONER

NO_____

V.

IMMIGRATION AND NATURALIZATION
SERVICE    ET- AL.
- - RESPONDENT.

FILED
SCRANTON

MAR 2 2 2000

PER _____ DEPUTY CLERK

PETITIONER FOR WRIT of HABEAS CORPUS
28 U.S.C. SECTION 2241
PRO-SE

Petitioner, Neville Russell a native of JAMAICA, who is currently being detained at the York County Prison in Pennslyvania as a Deportable Alien of the UNITED STATES IMMIGRATION and NATRALIZATION SERVICE(said respondent thereof), and hereafter(I.N.S.) et-al.
   Petitioner was Ordered Deported by an I.N.S. Judge in the I.N.S. court located at 3434 Concord Road, York PA, in this State of Pennsylvania on March 16, 1999,and that Order became final April 16,1999. Petitioner did not filed an Appeal but handed over his documents to I.N.S. in order to facilitate his removal to his home Country Jamaica.
   Petitioner was convicted for Criminal Possession of Marijuana in the third degree (by ommission of a guilty plea), October 17,1998. and was sentenced to a Prison term of six(6) months in NEW/YORK City D.O.C. C.I.F.M. C 76(RIKERS ISLAND), and was released into the custody of the United States Immigration and Naturalization Service February 17, 1999. Petitioner Mr. Russell is currently subjected to Double Jeopardy by being placed in a County Jail with sentenced County, State and Federal prisoners and Detainees for Criminal proceedings and not administrated like I.N.S. proceedings and is subjected to penalty punishment under County and State laws and rules. Petitioner is subject to the same rules and regulations as sentenced prisoners and is being treated as/or like a County inmate which in fact violates his status as an I.N.S. detainee, being housed and lodged outside of the State of Jurisdiction rights and outside of the district of his residence and housed with other prisoners and felons of many other jurisdiction other than INS
   Petitioner was never granted a Bail or Bond hearing and is aware of the fact that should the I.N.S. failed to deport the petitioner within the ninety(90)days of the date when rendered/orderd deported by the Immigration Judge then the said Alien will be subject to Supervised bond and/or Probation as prescribed within regulation set-forth by the Attorney General and if released shall be subjected to the terms of Supervision in paragraph(3 8 U.S.C. 1231(A)(6) I.N.A. section 241(A)(6) and shall apply to Neville Russell.
   The Petitioner is cognizant of the fact that legally in his present status he cannot be detained indefinately by the I.N.S. and not for any reasonably amount of time that would surpass the original sentence and penalty that was initially adjudicated, or intended and to the extent where it becomes an ammenment or an addendum of the initial jugement without any just cause, and will have resulted, into the sustained incarceration without any violations or commission of any new criminal acts. Such additional detention is in itself deemed as an Unlawful Imprisonment;Cruel and Unusual Punishment see Adams vs Carlson,488.F and 619(7th CIR.1973) and an eighth ammenment violation.

It is therefore reasonable to say that Petitioner would be held as/or like a political prisoner. To futher embrace the factual existence of the gross violation of the Petitioner'sCivil-Rights and/or Liberty as a collective whole, let us review: Article 9, paragraph 4, of the International Covenant on Civil and Political Rights,(6)I.L.M.368(1967),sign by the United States on October 5, 1977; mandates that anyone "Who is deprived of his Liberty by....detention, shall be entitled to take proceedings before a Court,in order that the Court may decide without delay on the unlawfulness of his detention and order his release if the detention is not lawful." Petitioner unlawful detention has been very stressfull to him and has subject his family to direct and indirect hardship, Mr.Russell is the father of four(4), and has always maintained his family, he filed for Supervision Release on September 7,1999, but did not receive any response from the District Director.

Petitioner was informed of his Case being reviewed but was never interview or told the outcome of the review,(see exhibit "A" attatched), in fact his many request to see his Deportation Officer was never answered. The I.N.S. has subjected the petitioner to unlawful long term indefinate detention without any rationale applied to his case and situation and that any futher detention of the petitioner is cruel and harsh, and would subject Mr. Russell to severe undue hardship. Petitioner is already subjected to Double Jeopardy, Mr. Russell's four(4) months incarceration at the N/York City D.O.C. has now triple , since being in custody of the United States Immigration and Naturalization Service.

Therefore the petitioner is appealing to this honorable Court to make a concientious judgement with an injunction that bars the I.N.S. from any futher detention but to release him on Probation and/or Parole pursuant to 8 U.S.C. 1231(A)(B); I.N.A. section 241(A)(B) and subsection 303 I.I.R.I.R.A. that creates the new section 236 regarding custody of Aliens(236)(C), futhermore the court should directly order the I.N.S. to adhere pursuant to section 303(A)of the I.I.R.I.R.A.8 C.F.R. section 3,19 and 8 C.F.R. section 242 2(D) concerning bond determination, because the petitioner was never granted a bail or a bond, and if so granted, it should be of a reasonable amount that is affordable to Mr,Russell.

The court should also consider that Mr.Russell has been incarcerated prior to being detained by the I.N.S.,and that he has no funds or income and that he would be dependent upon friends and/or relatives to pay expenses of posting a bail or bond,such bond should not exceed the sum of five thousand dollars($5,000,00). The petitioner believes that he is entitled to a reasonable bail or bond, and the court should directly order the I.N.S.to apply or make those provisions available to him,as set forth under I.N.A.section 236 as amended by the I.I.R.I.R.A.on September 30,1996;section 303(A)of the I.I.R.I.R.A.amending 8 C.F.R.section 236,1(D)236 1(D)(3),and 3.14;and in accordance with the factors stipulated in the matter of Patel,15 I and 1 vs. 666(B.I.A.-1976),and O'Rourke vs. Warden,339 F.Supp. 1121(S.D.N/Y.1982),and also in title 8 U.S.C. A section 1252(A)and 8 C.F.R. section 242.2 (B),and in the matter of Spilipolous,16 I and N 561(B.I.A.1978).

The court should also note that 8 U.S.C. 1252 violate the fifth(5th)amendment due process cause and the eighth(8th)amendment excessive bail clause, see U.S. Supreme Court in U.S. vs. Salerno 481 U.S. 739(1987),1984 Bail Reform Act. There is clearly an eighth(8) amendment violation of procted Liberty interest in petitioner remaining free pending his deportation, a bail hearing is warranted and the denial of any oppertunity to see bail constitutes the setting of excessive bail.

In conclusion i would like to state that it is my solemn prayer that the court in which thi[s] motion is presented before recomend and directly orders the I.N.S. to grant petitioner, bai[l] or bond, released him on Probation and/or Parole Supervision or on his own recognizance.

   Petitioner is not deemed an aggravated felon and is not a flight risk see I.N.A.101(A) (43)8 U.S.C.1101(A)(43)(B), as defined in section 924(C) of title 18 U.S.C.; petitioner will strictly adhere to the conditions, terms and regulations of any release and/or relief made available to him.  Petitioner have made mistakes in life and have felt the pains for his mistakes and have rehabilitated himself, he now cries out for Justice, being punish twice fo[r] a crime he had already payed for in a just and equal manner. I cried out for Deliverance an[d] the freedom guaranteed to me by the founding Fathers of equality and the rights setforth by their hands, regarding my rights Liberty and Freedom.

   Wherefore, i pray that the court grant me the relief that i seek because petitioner [is] in dire distress and as a solution it would be fair and just, right and proper.

SINCERELY and RESPECTFULLY SUBMITTED

_Neville Russell_
PETITIONER   (PRO-SE)

CERTIFICATION

COMMONWEALTH OF PENNSYLVANIA)
   COUNTY OF YORK            )

UNSWORN DECLARATION
PURSUANT to Title 28 U.S.C.A.1746(2)

I NEVILLE RUSSELL           , am the Petitioner in the above captioned proceeding and i h[ave] read this Habeas Corpus and know its contents'."I, do hereby certify and affirm this; under the Penalty of Perjury; that theforegoing is true and correct;"to the best of my knowledge except as to matters herein stated;to be alleged on information and belief; ibelieve it is to be true.

_Neville Russell_
Neville Russell,
            AFFIANT.

EXECUTED on the __15th__ Day of __March__, __2000__

3



**EXHIBIT "A"**

U.S. Department of Justice

Immigration and Naturalization Service
Philadelphia District

1600 Callowhill Street
Philadelphia, PA 19130
**A75 805 774**

RUSSELL, Neville
C/O York County Prison
53311
3400 Concord Road
York, PA 17402

# Notice to Alien of File Custody Review

You are detained in the custody of the Immigration and Naturalization Service (INS) and you are required to cooperate with the INS in effecting your removal from the United States. If the INS has not removed you from the United States within the removal period as set forth in INA 241(a) (normally 90-days) of either: 1) your entering INS custody with a final order of removal, deportation or exclusion, or 2) the date of any final order you receive while you are in INS custody, the INS District Director will review your case for consideration of release on an Order of Supervision. Release, however, is dependent on your demonstrating by "clear and convincing evidence" that you **will not** pose a danger to the community and **will not** be a significant flight risk.

Your custody status will be reviewed on or about: **February 5, 2000**. The District Director may consider, but is not limited to considering the following:

1. The nature and seriousness of your criminal convictions;
2. Other criminal history;
3. Sentence(s) imposed and time actually served;
4. History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5. Probation history;
6. Disciplinary problems while incarcerated;
7. Evidence of rehabilitative effort or recidivism;
8. Equities in the United States;
9. Prior immigration violations and history; and
10. Cooperation in obtaining your travel document.

You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b)(3). An attorney or other person may submit materials on your behalf.

*FAVORABLE*

U.S. Department of Justice
**Immigration and Naturalization Service**
Attn: Joel T. Mikelson Deportation Officer
3400 Concord Road
York, PA 17402

## METHOD OF SERVICE

I certify that this form was provided to the alien by:     (Hand)     (Institution Mail)
( ) CC: Attorney of Record or Designated Representative
(✗) CC: A-file

_____        Joel T Mikelson DO        1/5/2000
Signature of Officer             Print Name of Officer              Date

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT of PENNSYLVANIA
_____

NEVILLE RUSSELL,                                       PRO-SE
         PLAINTIFF,

         V.
                                              AFFIRMATION OF SERVICE

IMMIGRATION & NATURALIZATION
SERVICE(ET-AL)


I _Neville Russell_____ Declare under the Penalty of Perjury, that i have on the __16th__ day of __March__, 2000 placed and submitted the within _four(4)_ copies of the Attatched moving papers, to be mailed through the institutional mailroom facility at _York County Prison Pennsylvania_ to the following parties:

The Clerk of the Court
U.S. District Court
Middle District of Pennsylvania
235 North Washington Avenue
Scranton, PA. 18501-1148

U.S. Attorney
Middle District of Pennsylvania
228 Wallnut Street
Harrisburg, PA. 17108

SUBMITTED BY,

_Neville Russell_

NEVILLE RUSSELL, (PRO-SE)
                          PETITIONER
York County Prison
York PA. 17402

Executed on the __16th__ day of __March__, 2000

J. Scott Blackman
I.N.S. District Director
United States.
1600 Callowhill Street
Philadelphia, PA. 19130

Janet Reno
Attorney General
United States Department of Justice
10th and Constitution Ave N.W.
Washington, DC. 20530

Case 1:00-cv-00536-YK-DB   Document 1   Filed 03/22/2000   Page 6 of 6