UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NEVILLE M. RUSSELL,
    Petitioner

v.

IMMIGRATION AND NATURALIZATION
SERVICE,
    Respondent

CIVIL NO. 1:CV-00-0536

(Judge Kane)

FILED
HARRISBURG, PA

MAY 2 5 2000

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

### ORDER

**Background**

On March 22, 2000, Neville Russell, a detainee of the Immigration and Naturalization Service (INS), presently confined at the York County Prison, York, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He proceeds pro se and in forma pauperis. Before the court is the petitioner's motion for appointment of counsel.

Although petitioner's have no "automatic" constitutional or statutory rights to appointment of counsel in a federal habeas corpus proceeding, a court does have broad discretionary power to appoint counsel under 18 U.S.C. § 3006A(a)(2).[1] Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); Morrison v. Duckworth, 898 F.2d 1298,

---

1. Any person seeking relief under 28 U.S.C. §§ 2241 or 2254 may be provided counsel, "whenever the United States magistrate or the court determines that the interests of justice so require" and such person is "financially eligible." 18 U.S.C. § 3006A(a)(2) (1996).

1300-01 (7th Cir.1990); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir.1985), cert. denied, 479 U.S. 913 (1986).

The court must consider several factors in deciding whether the "interests of justice require" the appointment of counsel for a petitioner in a habeas corpus proceeding, including the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims. Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990). Courts have held, for example, that there was no abuse of a district court's discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, see Terrovona v. Kincheloe, 912 F.2d 1176, 1177 (9th Cir. 1990), cert. denied, 499 U.S. 979 (1991), or the issues were "straightforward and capable of resolution on the record," Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990), or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions." LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

In this case there appear to be no circumstances which warrant the appointment of counsel at this time. The court's liberal construction of pro se pleadings, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972), coupled with petitioner's apparent ability to litigate this action pro se, militate against the appointment of counsel. Moreover, the legal issues are relatively uncomplicated, it appears that there will be no need for a hearing, and the court can not say, at least at this point, that petitioner will suffer prejudice if he is forced to prosecute this case on his own.

Therefore, petitioner's motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by the petitioner.

ACCORDINGLY, THIS 17th DAY OF MAY, 2000, IT IS HEREBY ORDERED THAT: the motion for appointment of counsel (Doc. 3) is DENIED.

_____
YVETTE KANE
United States District Judge

YK:mcs

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

May 25, 2000

Re:  1:00-cv-00536   Russell v. INS

True and correct copies of the attached were mailed by the clerk to the following:

    Neville M. Russell
    CTY-YORK
    York County Prison
    53311
    3400 Concord Road
    York, PA  17402

    Kate L. Mershimer, Esq.
    U.S. Attorneys Office
    Room 217, Federal Bldg.
    228 Walnut St.
    Harrisburg, Pa  17108

```
cc:
Judge                          (/)
Magistrate Judge               ( )
U.S. Marshal                   ( )
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( ) with N/C attached to complt. and served by:
                                   U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( ) with Petition attached & mailed certified mail
                                   to:  US Atty Gen   ( )   PA Atty Gen ( )
                                        DA of County  ( )   Respondents ( )
Bankruptcy Court               ( )
Other_____   ( )
```

                                                MARY E. D'ANDREA, Clerk

DATE: _____5/25/00_____     BY: _/s/_____
                                Deputy Clerk